## STOWELL v. AMES.

1. MONEY RECEIVED—PAYMENTS—RECOVERY — EVIDENCE—ADMISSIBILITY.

Plaintiff sold at auction a one-half interest in certain standing wheat which defendant bid in at a certain price per acre and paid for. Subsequently plaintiff, believing defendant had mistakenly paid him for the entire of the wheat, repaid him half the amount paid, and later brought suit for the amount so repaid on the ground that there was no mistake, and that defendant originally paid only for the half interest he bought. *Held*, that defendant was entitled to show that he supposed when he made his bid he was buying the entire, and not the half, interest in the wheat.

2. COMPROMISE AND SETTLEMENT—EVIDENCE—SUFFICIENCY.

In an action to recover money paid to defendant in the mistaken belief that defendant had overpaid plaintiff for a half interest in certain wheat bought at auction, evidence examined, and *held*, that it could not be said, as a matter of law, that there was no evidence from which an intelligent accommodation of differences at the time of the repayment could be found.

3. AUCTIONS—CONTRACT—VALIDITY—MEETING OF MINDS.

In an action to recover money paid to defendant in the mis-

taken belief that defendant had overpaid plaintiff for a half
interest in certain wheat bought at auction, evidence exam-
ined, and *held*, that it could not be said, as a matter of law,
that defendant did not suppose he was buying the entire in-
terest in the wheat, and that an instruction was therefore
not erroneous that permitted the jury to find that there was
no sale because of the failure of minds to meet.

4. APPEAL AND ERROR—REVERSAL—WEIGHT OF EVIDENCE.
    Where, in an action to recover money paid to defendant in the
    mistaken belief that defendant had overpaid plaintiff for a
    half interest in certain wheat bought at auction, the evidence
    is convincing that defendant knew what interest he was buy-
    ing, that plaintiff in returning the money was not mistaken
    about either the price bid per acre or the interest sold, but
    about the proper mathematical calculation of what should be
    paid for it, and the evidence of anything in the nature of a
    compromise of any differences at the time of the repayment
    is meager, and that of a miscarriage of justice is strong,
    the decision of the trial court denying a new trial will be
    overruled, the judgment reversed, and a new trial ordered.

Error to Ingham; Wiest, J. Submitted April 12,
1907. (Docket No. 70.) Decided May 18, 1907.

Assumpsit by William G. Stowell against Frank Ames
for money had and received. There was judgment for
defendant, and plaintiff brings error. Reversed.

Plaintiff advertised to sell, and did sell, certain prop-
erty at auction, the printed notices describing, among
other things to be sold, "one-half interest in 20 acres of
wheat on adjoining farms." Plaintiff had put in 10 acres
of wheat on the farm of Mr. A. and 10 acres on the farm
of Mr. F. The sale took place March 17, 1904, and was
conducted by an auctioneer, who stated that the purchaser
was to have one-half the wheat and one-half the straw
and do all the work. When the wheat on the farm of A.
was offered, and after some bids had been made, defend-
ant bid for it $4 an acre and it was struck off to him.
Immediately thereafter the other piece of wheat was put
up, and was struck off to defendant for $4.10 an acre.

He also bought a binder and a drag, and later he paid to a properly designated person $100, stating that $81 of it was to pay for the wheat.   This money was handed over to plaintiff, who later repaid a part of it to defendant, and now sues to recover the sum so repaid.   It is the claim of plaintiff that after he received the money he thought the defendant had overpaid him; that he stepped to the telephone and informed defendant's wife that defendant had made a mistake, and, the next day, meeting defendant, told him that he had overpaid him, and thereupon repaid him $40.50; that as matter of fact he, plaintiff, was not mistaken, but was confused; that he should not have repaid the money; that such payment was a mistake.   On the part of defendant it is claimed that he did not read the auction bills, was not within hearing when the wheat was first put up; that he supposed the whole of the wheat was being sold, and upon that theory made his bids; and that when he paid for it he supposed he had bought 20 acres of wheat instead of a half interest in 20 acres.   A week or so after the plaintiff had repaid the money to the defendant he went to defendant and demanded his money, which defendant refused to pay.

The jury were instructed that if defendant bid $81 for a one-half interest in 20 acres of growing wheat the verdict should be for plaintiff.   They were told that, if defendant, in making his bids, understood that he was bidding for the entire interest in 20 acres of growing wheat, then the minds of the parties never met and there was no sale. They were not advised concerning the verdict they should, in such a case, return, if they found there was no adjustment of the matter.   They were also further told:

"If you find, from the evidence in the case, that the defendant bid on the wheat as a whole, on the 20 acres of wheat as a whole, believing that that was what was put up by the auctioneer for sale, and that that was what he was bidding on, and that the plaintiff came to him later on, after he had paid the $81 to the party in Lansing, and explained to him that only one-half of the wheat had been sold to him, and that thereupon defendant made a request

for a return of one-half of the money he had paid, and that plaintiff acceded to the request because he conceded it to be right that one-half should be returned, then that was a demand made by the defendant upon the plaintiff, and if the plaintiff conceded the demand was right and under the circumstances he had paid twice as much as he should pay, and both parties understood the situation fully, then that was a settlement of the matter between them, and ends the case; because parties may get together, if there is a misunderstanding or dispute or a disagreement about the matter between them, they may get together and adjust their matters, and if they do so with full knowledge of the affairs they are adjusting, and of their rights, such settlement is final. If the parties, on the day that the $40.50 was returned to the defendant, agreed that there had been a mistake at the sale, agreed that defendant had only purchased one-half of the wheat, and that the defendant understood he had purchased the whole of it, and therefore that defendant should have returned to him one-half of what he had paid for the wheat, and upon that kind of an agreement between them the plaintiff returned $40.50 that ends the case. * * *

"Did the mind of this defendant at that sale comprehend what was being sold? Did he know what he was bidding on? If he bid on that wheat on a half interest in 20 acres of growing wheat, then he must pay for it. Now, if he did not understand it, or, in other words, if he understood that he was bidding on the whole 20 acres of wheat, and later on, when the parties met in this city, and the plaintiff said to him, 'You only bought a half interest in the wheat, and as I figure the matter you have paid twice too much,' and they talked their matters over, and both fully understood all there was to it, understood their rights, understood what he had bid upon, and, understanding all those things, agreed between themselves that the plaintiff should pay back the $40.50, and paid defendant $40.50, that ends the case, and the plaintiff has had all he is entitled to. * * *

"It is claimed on this trial by defendant that at the time the money was paid back to him there was a compromise of the matter between the parties. I charge you that, in order to find for the defendant on the theory of a compromise, you must first find from the evidence that the plaintiff [defendant] made a claim in good faith; that he had bought all of the wheat instead of a half interest, and

that he was not obliged, under that bid, as he understood it, and understood his rights, to pay to the plaintiff anything further than $40.50; and that plaintiff at that time, because of such claim made by the defendant, acceded thereto, and conceded defendant was right, and voluntarily paid the money back to the defendant as a final adjustment of the questions between them."

There was a verdict for defendant. A new trial was moved for and refused. The substance of all the evidence given or offered is returned.

It is contended for appellant (1) that there was no evidence warranting the court in submitting the question of compromise to the jury; (2) there was no competent evidence that defendant misunderstood what he bought at the sale; (3) the court should have granted a new trial because the verdict was against the weight of evidence; and (4) that the court erred in refusing to give to the jury plaintiff's second request to charge, which was:

"The defendant, bidding at a public auction sale, where the announcement was publicly made of what was to be sold, is presumed to have had knowledge of the interest he was buying for the amount that he bid."

*Black, Reasoner & Hayden (P. H. Dolan*, of counsel), for appellant.

*L. B. Gardner*, for appellee.

OSTRANDER, J. *(after stating the facts)*. If defendant was claiming, in a direct proceeding to enforce his bid, or in one brought by him to recover back money he had paid, that the bid was made under a misunderstanding for which neither the owner nor the auctioneer were responsible, we should be obliged to consider whether the matter was open to him. *Vanleer* v. *Fain*, 6 Humph. (Tenn.) 104. But this is not such a case. Plaintiff voluntarily repaid to defendant money, with the idea, mistaken or otherwise, that defendant had by mistake paid him, plaintiff, too much. He now seeks to recover back the money upon the theory that he was mistaken in sup-

posing that defendant had overpaid him. If, in fact, defendant had misapprehended what he was buying, it was very proper for plaintiff to offer to rescind the sale, or, if he did not care to do that, to repay him his money; the inference being that defendant had paid too much. If, in fact, there was no misunderstanding on the part of defendant, he should have refused the money. He obtained it fraudulently, and should now refund it. We are therefore of opinion that the testimony of defendant that he supposed he was buying the entire, and not a half, interest in the wheat, was properly admitted. For the same reasons the refusal to charge the jury as requested by defendant was not error.

A brief reference to some of the testimony will aid us here. It is not disputed that plaintiff owned only a half interest in the wheat, and that the handbills and the auctioneer so announced. No deception was practiced. Defendant knew the wheat was grown on land not belonging to plaintiff. The bids for the first piece proceeded with raises of five cents an acre, and, defendant says, had reached "pretty near up to $4 when I went out there. * * * I think I made about three bids, but it was not more than three." No one else misunderstood what interest was being sold. The first piece having been struck off to defendant, the second piece was immediately offered, and that he bid in at $4.10 an acre. A deposit was made as required by the terms of sale. Later he went with Mr. Fry, who owned the land upon which was the wheat last sold, and with his aid measured the wheat on both parcels; Mr. Atwood, who owned the other piece of land, being with them some of the time. Defendant testified: "When we went back, we were figuring up on a shingle, as we walked back down the road." As a result defendant paid $81 for this wheat. He says he supposed he was buying the entire interest in the wheat, that he was not otherwise informed, and that he made no inquiry of plaintiff, the auctioneer, or the land owners, concerning the interest he was buying. That defendant

did not, by a bid of five cents an acre above those who were bidding for a half interest in the wheat, acquire the entire interest fairly may not be disputed. That plaintiff in returning the money to defendant was confused about the mathematics of the transaction seems clear. He testified that defendant never claimed he supposed he had bought all of the wheat until he gave his testimony in justice's court. And defendant's testimony is, in part, that upon plaintiff telling him that a mistake had been made he replied, and made no other claim in relation to it, "Well, if it is as you say, I am entitled to half the money back." We cannot say, however, as matter of law, that defendant did not suppose he was buying the entire interest. And after a careful reading of the record we are unable to say there was no testimony tending to prove an intelligent accommodation upon the basis of defendant's claim. That defendant offered, after the money was repaid to him, to annul the sale, and that he offered to pay back one-half of the $41, and that these offers were refused by plaintiff, is undisputed. No criticism is made of the paragraph of the charge last above quoted. The charge permits the jury to find an accommodation, if they also find a good-faith claim of defendant assented to by defendant.

The fifth assignment of error relates to a portion of the charge referred to in the foregoing statement of facts in which the court advised the jury that if defendant understood he was purchasing the entire of the wheat, there was no valid sale. It is said in the main brief for appellant that this could only have confused the jury, and in the reply brief that it permitted the jury to find there was no sale because of the failure of minds to meet. As we understand the objection, it is disposed of by what has been said.

We have thus answered, against the precise claims presented, all of the contentions of appellant save one. Should the verdict have been set aside and a new trial granted? The amount involved is very small, and this

fact might to some extent affect judicial discretion.    But the evidence is so convincing that defendant knew what interest he was buying in the wheat, and it is so clear that plaintiff in returning the money to defendant was not mistaken about either the price bid per acre or the interest sold, but about the proper mathematical calculation of what should be paid for it, the evidence of anything in the nature of a compromise of any differences is so meager, and that of a miscarriage of justice so strong, we are constrained to overrule the decision of the trial court, reverse the judgment, and order a new trial.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.